**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

BENJAMIN H. EDWARDS, #1152750,

                    Petitioner,

v.                                            ACTION NO. 2:15cv4

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

                    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Procedural Background

Petitioner was convicted in the Circuit Court for the City of Norfolk on July 6, 2010 of aggravated malicious wounding, possession of a concealed weapon by a convicted felon, and trespassing. *Commonwealth v. Edwards*, Case Nos. CR09003133-00 through CR09003133-02 (Va. Cir. Ct. July 6, 2010). Plaintiff's appeal to the Court of Appeals of Virginia was denied on February 22, 2012. *Edwards v. Commonwealth*, Record No. 1438-11-1 (Va. Ct. App. Feb. 22, 2012). He then appealed to the Supreme Court of Virginia. The Supreme Court of Virginia denied petitioner's appeal on July 16, 2012. *Edwards v. Commonwealth*, Record No. 120488

(Va. July 16, 2012).

Petitioner signed a state habeas corpus petition on August 31, 2010, which he filed in the Circuit Court for the City of Norfolk. That petition was dismissed on September 20, 2010.  ECF No. 8 at 2; *Edwards v. Commonwealth*, Record No. CL10005877-00 (Va. Cir. Ct. Sept. 20, 2010).  Petitioner did not appeal that denial to the Supreme Court of Virginia.

Petitioner then filed contemporaneous and identical state habeas corpus petitions in the Supreme Court of Virginia and in the Circuit Court for the City of Norfolk. The petition was stamped and filed by the clerk of the Circuit Court for the City of Norfolk on July 11, 2013, and the petition was filed in the Supreme Court of Virginia on July 18, 2013. Petitioner sought leave from the Circuit Court to withdraw the petition and the respondent did not object. The Circuit Court granted petitioner's motion to withdraw the circuit court petition on August 23, 2013. (Case No. CL13-5368). The petition filed in the Supreme Court of Virginia was dismissed on December 20, 2013. *Edwards v. Warden of the Pocahontas State Correctional Center*, Record No. 131148 (Va. Dec. 20, 2013). Petitioner did not seek a rehearing.

On December 2, 2014, Petitioner signed a § 2254 petition ("Pet."), which was filed in federal court on January 7, 2015, claiming:

> Trial counsel was ineffective for failing to obtain the victim's medical records; failing to obtain and enter into evidence petitioner's complete medical records; failing to investigate previous incidents of trespass at the property involved in the incident; failing to question petitioner's physical therapist; failing to petition the court for a dismissal because of petitioner being denied his right to a fast and speedy trial; and failing to order a psychological evaluation of petitioner.

Petitioner also filed a motion to Appoint Counsel on February 23, 2015, which was denied March 3, 2015.  ECF Nos. 4, 5. Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in Support, on March 6, 2015.  ECF Nos. 6, 7, 8.  Petitioner filed a response to the

Motion to Dismiss on May 4, 2015. ECF No. 14.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Petitioner's petition is barred by the federal habeas statute of limitations.  The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2015).  The statute provides that Petitioner must file his federal habeas claim within one year following the conclusion of direct review, or expiration of the time allowed for seeking direct review.  In calculating this time, the Court excludes the time during which "properly filed" state collateral proceedings were pending.

The Supreme Court of Virginia refused Petitioner's direct appeal on July 16, 2012.  His conviction became final ninety days later, on October 15, 2012, at the expiration of his time to file a petition of certiorari with the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that notice of appeal must be filed within ninety days after entry of

3

final judgment); *see also Harris*, 209 F.3d at 328 n.1 (holding judgment became final when ninety-day period for filing a petition for certiorari with the United States Supreme Court expired).

If he had not filed a state habeas petition, Petitioner would have then had until October 15, 2013, to file his federal habeas petition. However, because petitioner properly filed a petition for state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings [were] *pending* in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (emphasis in original). Filing a state petition does not restart the federal limitations period, it simply tolls it.

Petitioner filed a state habeas petition on July 17, 2013,[1] after over nine months of his federal statute of limitations had run.  The state habeas petition was pending 156 days, until December 20, 2013. Therefore, Petitioner had until March 20, 2014 to file his federal habeas petition. Petitioner did not sign his federal petition until December 2, 2014, over eight months after the limitations period had expired. As a result, Petitioner's federal habeas petition is time-barred.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED as barred by the federal statute of limitations.

---

[1] The statute of limitations for Petitioner to file a state habeas corpus petition expired July 16, 2013.  For the purpose of this proceeding, Respondent assumes the petition for a writ of habeas corpus filed in the state court was properly filed. EFC No. 8 at 4.

4

## IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____  /s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 24, 2015

5